**SO ORDERED.**

**SIGNED this 1st day of June, 2017.**



_____
BENJAMIN A. KAHN
UNITED STATES BANKRUPTCY JUDGE

---

C-13-7a
(Rev. 03/16)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| In Re: | ) **ORDER CONFIRMING PLAN** |
| | ) **CHAPTER 13** |
| Fuller, Porchia Nicole    xxx-xx-1401 | ) |
| 3516 W. South Elm-Eugene St. | ) Case No. 17-10302 C-13G |
| Apt. W | ) |
| Greensboro, NC 27406 | ) |
| | ) |
| Debtor. | ) |

This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.** The Trustee in this case is Anita Jo Kinlaw Troxler, Standing Trustee, Anita Jo Kinlaw Troxler, 500 West Friendly Avenue, Suite 200, P.O. Box 1720, Greensboro, NC 27402-1720;

**II.** The attorney for the Debtor is John T. Orcutt;

**III.** Under the final plan (the "Plan") as proposed:

    **A. Plan Payments**

        1. The Debtor is to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2. The monthly plan payment to the Trustee is $167.00 beginning April 14, 2017, increasing to $505.00 effective May 2017;

    **B. Administrative Costs**

        1. **Attorney Fees.** The Attorney for the Debtor is allowed the base fee of $4,500.00. The Attorney has received no fee from the Debtor pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

2. **Trustee costs.** The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

C. **Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. **Internal Revenue Service**
2. **N C Department of Revenue**
3. **Alamance County Tax**

D. **Secured Claims**

1. **Secured Claims To Be Paid In Full - Personal Property.**

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **OKINUS CREDIT SOLUTIONS (furniture)** | Y | $200.00 | $5.00 | 5.75% | |

2. **Partially Secured Claims - Real Property and Personal Property.**

*Any objection to value is required to be filed as a formal objection to valuation not later than 60 days from the date of the entry of this Order.*

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Secured Amount and Value | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|---|
| **\*HYUNDAI MOTOR FINANCE CO. (2015 Hyundai)** | N | | $11,325.00 | $445.00 eff. 4/18 | 5.75% | $113.00 eff. 4/17 thru 3/18 |

**\*If the timely filed claim documents a purchase money non-preferential perfected lien on a debt incurred September 17, 2014, or later, and the motor vehicle was acquired for the personal use of the Debtor, the claim is allowed as secured for the filed claim amount.**

E. **General Unsecured Claims Not Separately Classified**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration. The estimated dividend to general unsecured claims is 0%.

**F.**   **Special Provisions**

***Buchanan* Student Loan Provisions**

- The Debtor(s) is not seeking nor does this Plan provide for any discharge, in whole or in part, of his or her student loan obligations.
- The Debtor(s) shall be allowed to seek enrollment in any applicable income driven repayment ("IDR") plan with the U. S. Department of Education and/or other student loan servicers, guarantors, etc. (Collectively referred to hereafter as "Ed"), without disqualification due to his or her bankruptcy.
- Ed shall not be required to allow enrollment in any IDR unless the Debtor(s) otherwise qualifies for such plan.
- The Debtor(s) may, if necessary and desired, seek a consolidation of his or her student loans by separate motion and subject to subsequent court order.
- Upon determination by Ed of her qualification for enrollment in an IDR and calculation of any payment required under such by the Debtor(s), the Debtor(s) shall, within 30 days, notify the Chapter 13 Trustee of the amount of such payment. At such time, the Trustee or the Debtor(s) may, if necessary, file a Motion to Modify the Chapter 13 Plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
- The Debtor(s) shall re-enroll in the applicable IDR annually or as otherwise required and shall, within 30 days following a determination of his or her updated payment, notify the Chapter 13 Trustee of such payment. At such time, the Trustee or the Debtor(s) may, if necessary, file a Motion to Modify the Chapter 13 plan to allow such direct payment of the student loan(s) and adjust the payment to other general unsecured claims as necessary to avoid any unfair discrimination.
- During the pendency of any application by the Debtor(s) to consolidate his or her student loans, to enroll in an IDR, direct payment of her student loans under an IDR, **or during the pendency of any default in payments of the student loans under an IDR**, it shall not be a violation of the stay or other State or Federal Laws for Ed to send the Debtor(s) normal monthly statements regarding payments due and any other communications including, without limitations, notices of late payments or delinquency. **These communications may expressly include telephone calls and e-mails.**
- In the event of any direct payments that are more than 30 days delinquent, the Debtor(s) shall notify his or her attorney, who will in turn notify the Chapter 13 Trustee, and such parties will take appropriate action to rectify the delinquency.
- The Debtor(s)' attorney may seek additional compensation by separate applications and court order for services provided in connection with the enrollment and performance under an IDR.

**G.**   The Debtor will pay THE GREATER OF the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, or a minimum of 36 monthly plan payments, with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments.

**H.**   The terms and provisions of the Amended Standing Order dated March 11, 2016, are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov**.

- 4 -

**I.**     **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

**ORDERED** that the Plan is confirmed.

END OF DOCUMENT

- 4 -

<u>PARTIES TO BE SERVED</u>
PAGE 1 OF 1
17-10302 C-13G

```
ANITA JO KINLAW TROXLER
STANDING TRUSTEE
PO BOX 1720
GREENSBORO NC 27402-1720
```